PAT JOHNSTON v. ROBERT H. COX, *et ux.*

154 So. 206.
Division A.
Opinion Filed March 9, 1934.

*Lawrence Rogers* and *G. P. Garrett,* for Appellant;

*H. N. Roth,* for Appellee.

TERRELL, J.—January 25, 1924, appellees employed P. A. Vans Agnew, of Winter Park, and Johnston & Garrett, of Kissimmee, Florida, to "straighten out" the title to their lands in Orange County. The pertinent part of the contract of employment, omitting the formal parts, is as follows:

"We hereby employ you as our attorneys to straighten out the title to our property in Orange County, Florida, where R. H. Cox is now residing; upon the following terms with reference to fees and costs:

"FEE to be contingent and to be 33 1/3% of anything realized out of the property involved in the suit. The property involved in the suit is the property in the City of Orlando, Orange County, Florida, upon which R. H. Cox

is now living. The costs are to be paid by us, and a cost deposit of $200.00 is to be made. This cost deposit is to be paid whenever you demand it, with additional cost deposit as required.

"We hereby agree, in consideration of your representing us in this matter, to abide by your judgment and decisions in all respects and authorize you to take any steps in connection with the same that you may deem best in our interest, and agree to comply with any terms of settlement or compromise that you may make in our names or on our behalf, and consent that you may use our names in any proceedings that you may undertake for us and that no settlement or adjustment will be made by us and no steps taken by us in regard to the above matter, except with your consent, and through you.

"It Is Understood that from this date you are interested in the property with us and any sale, settlement, compromise, or disposition of the property and all matters in controversy will be made through you and your percentage as above stated is to be paid you out of the proceeds of any sale, settlement, compromise, or disposition of said property, and no such sale, settlement, compromise, or disposition shall be made by us save with your consent.

"For the Purposes Aforesaid, and in consideration of your services aforesaid, we sell, convey, transfer, and assign to you and your heirs and assigns the interest above mentioned in the above mentioned property, to-wit: 1/3 of said property, or value thereof.

"This the 25th day of January, A. D. 1924."

Said contract is attested by two witnesses and is acknowledged by appellees, including the separate acknowledgment of appellee, Jesse H. Cox, as the wife of R. H. Cox.

. Pursuant to said employment suit was instituted in the United States District Court, Southern District of Florida, for the purpose of removing a cloud on the title to the lands referred to in the contract which was predicated on a claim held by James M. Cawood as administrator of the estate of J. T. Cawood. Pending this litigation said claim was compromised by payment to James M. Cawood the sum of $6,000.00 in full settlement of and release therefrom. Vans Agnew and Garrett withdrew from the litigation at the time this compromise was agreed on, Johnston personally paid the $6,000.00, and took the deed to the lands from James M. Cawood as administrator in his own name. Nothing else appears to have been done in the matter of "straightening out" the title. Johnston acquired all the interest of Vans Agnew and Garrett in the contract with appellees when they withdrew and offered to convey to them (appellees) all interest he acquired in the premises through Cawood on compliance by them (appellees) with the terms of the contract.

. The instant suit was brought by Johnston September 26, 1926, and prays that appellees, defendants below, be required to specifically perform the terms of the contract by conveying to him an undivided one-third interest in the lands referred to therein or that he be granted such relief as is reasonable and just and which will protect him for the advances made by him on behalf of appellees. A demurrer to the bill was overruled, answer was filed, testimony was taken, and on final hearing the chancellor decreed the contract to be cancelled and dismissed the bill of complaint. This appeal is from that final decree.

Only one error is assigned on appeal, *viz.:* The court erred in entering the final decree. It is contended here that the court below erred in refusing to admit parol evidence to

explain what the parties to the contract intended by the phrase, "straighten out" the title.

Clear the title, cure the title, straighten out the title, or remove cloud from title and other such uses have a well understood meaning as applied to the law of real estate. They have reference to all such acts, steps, or proceedings as are necessary to render the title good and marketable, including the opinion of counsel that this has been done. Since this is the well understood general meaning of "straighten out" the title, we hold that parol evidence was not admissible to prove that the parties to the instant contract intended any less than that, there being nothing in the contract to indicate such an intention.

The contract brought in question in effect employs appellant, Vans Agnew, and Garrett to "straighten out" the title to appellees' land, leaves the procedure or steps to be taken for doing this entirely in their discretion, and agrees to pay them a fee of one-third of any amount received for the lands and to sell, convey, transfer and assign such interest to them.

In paragraph three of the contract appellees agreed to abide by the judgment and decision of their counsel in respect to "straightening out" the said title and authorized them to take any action in connection therewith that they might deem best and they agreed to abide by the terms of any settlement or compromise that their attorneys made in their behalf. This provision was ample authority for the settlement of the Cawood claim by compromise before or after suit was instituted without consulting appellees. Appellees raised no objection to Vans Agnew and Garrett retiring from the litigation at the time they did so, they subsequently treated with appellant with respect thereto and cannot raise that question now.

. Even if the premises brought in question did constitute the homestead of appellees that fact would not bar recovery. The contract was executed by husband and wife in the presence of two subscribing witnesses, it was properly acknowledged by both parties and conveyed a present interest in the property.

. In view of the terms of the contract and the interpretation we placed on the phrase, "straighten out" the title, it is our view that as soon as the title is made good and marketable and the opinion of counsel furnished appellees to that effect, appellant is entitled to and should have conyeved to him an undivided one-third interest therein as prayed for in his bill.

It follows that so much of the decree below as denied the relief prayed for is affirmed for the reason that it is not shown that the terms of the contract as to "straightening out" the title have been complied with but that part of the said decree cancelling the contract and dismissing the bill of complaint is reversed.

Affirmed in part, reversed in part.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.